## In re FULLICK.

### In re CALIFORNIA TEA CO.

(District Court, W. D. Pennsylvania. October, 1912.)

1. BANKRUPTCY (§ 482*)—FEES—BANKRUPT'S ATTORNEY—COMPENSATION.

Where the attorney for an involuntary bankrupt did nothing but prepare the bankrupt's schedules, which were brief, an allowance of $25 was sufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874-876, 897; Dec. Dig. § 482.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 369*)—ACCOUNTS—REFEREE—DUTY TO EXAMINE.

It is the duty of the referee in bankruptcy to see that an estate is economically administered, and to examine the accounts of the receiver and trustee, though no person files exceptions thereto.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 570; Dec. Dig. § 369.*]

In Bankruptcy. In the matter of bankruptcy proceedings of one Fullick. On exceptions to the referee's refusal to allow more than $25 as an attorney's fee for the bankrupt. Overruled.

Alpern & Seder, of Pittsburgh, Pa., for trustee.

Wm. H. Leahy, of Pittsburgh, Pa., for bankrupt.

ORR, District Judge. [1] This matter comes before the court upon exceptions to the action of the referee in refusing to allow more than $25 as a fee to the attorney for the bankrupt. The proceeding was an involuntary one. The attorneys for the petitioning creditors procured the appointment of the receiver. The attorney who presented the claim did nothing but prepare the schedules for the bankrupt. The schedules are brief and did not require much labor. The attorney for the bankrupt never appeared before the referee. The allowance made by the referee is, in the opinion of the court, sufficient.

[2] The whole policy of the law with respect to bankrupt estates is that they shall be economically administered, and it is the duty of referees, as well as of receivers and trustees, none of whom are entitled to receive greater compensation than is fixed by the bankruptcy law, to see that estates are administered with the strictest economy. But the law imposes specially upon referees the settlement and distribution of estates. They must pass upon the accounts of receivers and trustees, and be satisfied as to their correctness. It is not proper for a referee to assume that an account is correct, or that payments made by an accountant are proper, simply because no person interested files an exception thereto. What is everybody's business is nobody's business. The court has thus expressed itself in this case because, in support of the exceptions now before the court, there have been produced a number of accounts in which appear various allowances to attorneys, and others, which may have been allowed without special investigation by the referees, because no exceptions were filed to the accounts in which the allowances were claimed. The probabilities are that these accounts were all properly examined; but the consideration of the present case affords an opportunity to emphasize the duty imposed by law upon the referees to require economy in the administration of bankrupt estates.

The referee is sustained, and the exception dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes